## GOETSCHIUS v. DE BARBIERI.

### (Supreme Court, Appellate Term. June 5, 1908.)

1. LANDLORD AND TENANT—ACTIONS FOR RENT—AMOUNT OF RECOVERY.
   Where, in an action for rent, the lessor claimed a renewal of a yearly lease by reason of a holdover, while defendant claimed a separate oral agreement by which she was allowed to remain on the leased premises on condition that she should pay pro rata for the time of the occupation, a judgment for plaintiff for one month's rent was erroneous, where defendant remained on the premises only nine days, since, if the trial court found in favor of defendant's contention, plaintiff was entitled to only nine days' rent, while, if it adopted plaintiff's version, plaintiff was entitled to the year's rent, less such sum as he could have obtained by reletting.

2. APPEAL AND ERROR—REVIEW—HARMLESS ERROR—JUDGMENT.
   Where, in an action for rent, the court rendered judgment for plaintiff for one month's rent, though the evidence showed that plaintiff was entitled to recover rent either only for nine days or for an entire year, depending upon which evidence the court believed, it could not be urged, on appeal by plaintiff from such judgment, that he was not prejudiced, since he received a month's rent, instead of nine days' rent; but the judgment would be reversed, where the theory upon which the decision was based did not appear on appeal, as the judgment showed a misconception of the evidence.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by John H. Goetschius against Maria De Barbieri. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

George B. Class, for appellant.
Frank A. K. Boland, for respondent.

PER CURIAM. The judgment is not in accordance with the testimony. At the expiration of defendant's written lease, on July 1,

1906, she remained in possession for nine days overtime. Plaintiff claims a renewal of the yearly lease by reason of a holdover. Defendant claims a separate oral agreement by which defendant was allowed to remain on condition that she should pay pro rata for the time of occupation.

Assuming that the court believed defendant, and adopted her version as correct, he should have allowed plaintiff a judgment for the nine days' pro rata rent. If, on the other hand, he adopted plaintiff's version as correct, he should have allowed plaintiff the year's rent, less such sum as plaintiff may have obtained by reletting, assuming any such reletting to have taken place. Instead of doing either of these things, the court gave judgment for plaintiff for one month's pro rata rent. There is no testimony whatever to support this judgment. It is true that it is the plaintiff who appeals, and defendant urges that plaintiff is not prejudiced if he recovered a month's rent, instead of only nine days' rent. The theory upon which the decision was based does not appear; but it was clearly founded upon a misconception of the evidence on the part of the trial justice, which is a sufficient reason for a reversal.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.